UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM FAKHOURI,

                Petitioner,                Case No. 2:17-cv-14107
                                                        Hon. Sean F. Cox

v.

J.A. TERRIS,

                Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS

Federal inmate Sam Fakhouri, ("Petitioner"), filed a pro se habeas corpus petition under 28 U.S.C. § 2241. The petition asserts that the Bureau of Prison ("BOP") failed to timely transfer him to a community corrections center because of a lack of funding for the program. The petition will be summarily denied because Petitioner has no constitutional right to placement in a community corrections center prior to completion of his federal sentence.

### I. Background

Petitioner was convicted in the Northern District of Illinois of bank fraud in violation of 18 U.S.C. § 1344. On May 2, 2014, he was sentenced to 60 months' imprisonment and 5 years' supervised release.

Petitioner claims that the BOP notified him that he would be released to a community correctional facility in Chicago on October 24, 2017. Petitioner asserts that his placement was delayed until February 22, 2018, due to a lack of funding. Petitioner requests an order declaring the BOP's actions unconstitutional and ordering the BOP to reinstate Petitioner's 90-day placement at a community correctional facility.

## II. Analysis

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). At this stage of the proceedings, the Court accepts Petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Petitioner claims that the BOP violated his constitutionally protected liberty interest to placement in a community correctional facility by delaying his placement due to a lack of funding. Under section 2241, the Court may grant habeas corpus relief only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Fifth Amendment to the United States Constitution provides in relevant part that "no person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend V. The Supreme Court, however, has rejected the notion that "any change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). A prisoner "possesses no inherent constitutional right to placement in any particular prison," *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995), and he has "no justifiable expectation that he will be incarcerated in any particular State." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

The Second Chance Act of 2007, relied upon by Petitioner to support his claim, increased the maximum term of halfway house placement for a federal prisoner from six to twelve months. It requires that the BOP evaluate each prisoner individually to ensure that such placement is "of

sufficient duration to provide the greatest likelihood of successful reintegration into the community. 18 U.S.C. § 3624(c)(6)(C). BOP regulations utilize the factors set forth in 18 U.S.C. § 3621(b) when making placement decisions. 28 C.F.R. § 570.22.

Petitioner is not entitled to habeas relief on his claim that he has a protected liberty interest in placement in a community correctional center. Section 3624(c) "does not require placement in a [community corrections center]. It only obligates the [Bureau of Prisons] to facilitate the prisoner's transition from the prison system." *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004); See also *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3rd Cir. 2005) ("That the BOP may assign a prisoner to a CCC does not mean that it must."); *Levine v. Apker*, 455 F.3d 71, 75 (2nd Cir. 2006) ("the combined import of the statutes [§ 3621(b) and § 3624(c)] was to give the BOP discretion to transfer an inmate to a CCC for a period longer than six months or ten percent of his sentence, but to oblige the BOP, where practicable, to transfer inmates to a CCC for a reasonable part of the last ten percent, not to exceed six months, of his sentence")(emphasis added). In addition, "the obligation is qualified by the phrase 'to the extent practicable.'" *Elwood*, 386 F.3d at 847. "Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society." *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991). Because Petitioner does not have a constitutionally protected liberty interest to be placed in a community correctional center, he has failed to demonstrate entitlement to habeas relief under section 2241. The alleged lack of funding for the program, and the resultant delay in his placement, did not implicate Petitioner's constitutional rights. The petition will therefore be denied.

### III. Order

Accordingly, the Court **SUMMARILY DENIES** the petition for writ of habeas corpus. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed

under § 2241, See *Hervey v. United States*, 105 F. Supp. 2d 731, 736 (E.D. Mich. 2000), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

**SO ORDERED.**

Dated: January 25, 2018                             s/Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Judge


I hereby certify that on January 25, 2018, the foregoing document was served on counsel of record via electronic means and upon Sam Fakhouri via First Class mail at the address below:

Sam Fakhouri 41981-424
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160


                                                    s/J. McCoy
                                                    Case Manager